UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CALVIN RUMPH, JR.**, | ] |
| | ] |
| **Plaintiff,** | ] |
| | ] |
| v. | ] |
| | ]   CV-04-BE-3171-S |
| **JO ANNE B. BARNHART,** | ] |
| **Commissioner, Social Security** | ] |
| **Administration**, | ] |
| | ] |
| **Defendant.** | |

## MEMORANDUM OPINION

### I.  INTRODUCTION

This case is before the court on Defendant's Motion for Summary Judgment (doc. 10). For the reasons set forth below, the court finds that Defendant's Motion is due to be **GRANTED** as to all claims.

Plaintiff Calvin Rumph, Jr. is an African-American male over the age of forty.  He works in the downtown Birmingham office of the Social Security Administration as a GS-12 supervisor.  He is sued his employer, alleging unlawful employment discrimination based on gender, age, and race.  These claims are based on his non-selection to two GS-13 assistant district manager positions and one position at the 2003 Atlanta Management Development Program.

On October 14, 2005, Defendant filed a Motion for Summary Judgment.  Plaintiff did not file a Response to Defendant's Motion.  Pursuant to this court's Order Setting Briefing Schedule (doc. 14), which incorporates by reference Appendix II's Summary Judgment Requirements, "[a]ll material facts set forth in the statement of the moving party will be deemed to be admitted unless controverted by the response of the party opposing summary judgment."  Appendix II,

Summary Judgment Requirements, p. 4.  Accordingly, the court assumes the truth of all facts set forth by Defendant's summary judgment submissions.  Thus, no genuine issues of material fact exist and the court must determine whether Defendant is entitled to judgment as a matter of law.

## II.  STANDARD OF REVIEW

Summary judgment allows a trial court to decide cases where no genuine issues of material fact are present.  *See* Fed. R. Civ. P. 56.  A court must determine two things: (1) whether any genuine issues of material fact exist; and if not, (2) whether the moving party is entitled to judgment as a matter of law.  *Id*.

In opposing a motion for summary judgment, "a party may not rely on his pleadings to avoid judgment against him."  *Ryan v. Int'l Union of Operating Engineers, Local 675*, 794 F.2d 641, 643 (11th Cir. 1986).  The district court bears no burden to distill every potential argument that could be made based upon the materials before it on summary judgment.  *Blue Cross & Blue Shield of Ala. v. Weitz*, 913 F.2d 1544, 1550 (11th Cir. 1990).  Rather, the onus rests upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned.  *Road Sprinkler Fitters Local Union No. 669 v. Independent Sprinkler Corp.*, 10 F.3d 1563, 1568 (11th Cir. 1994) (determining that district court properly treated as abandoned a claim alleged in the complaint but not raised by the plaintiff in its own motion for summary judgment or in opposition to a defendant's motion for summary judgment) (*citing Lazaara v. Howard A. Esser, Inc.*, 802 F.2d 260, 269 (7th Cir. 1986) (holding that a ground not pressed in the district court in opposition to a motion for summary judgment is to be treated by the district court as abandoned.))

### III.  DISCUSSION

Because Plaintiff offered no direct evidence of discrimination, the court presumes his theory rests on circumstantial evidence.  Where a plaintiff seeks to prove a case of discrimination using circumstantial evidence, the *McDonnell Douglas* burden shifting framework applies. *See Smith v. Ala. Dept. of Corrections*, 1291, 1297 (M.D. Ala. 2001) (applying *McDonnell Douglas* to a case for race discrimination); *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1089 (11th Cir. 2004) (applying *McDonnell Douglas* to a case for gender discrimination); *Earley v. Champion Int'l Corp.*, 907 F2d 1077, 1081 (11th Cir. 1990) (applying *McDonnell Douglas* to a case for age discrimination.)  Under this framework, the plaintiff bears the initial burden of establishing a *prima facie* case.  *McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973).  If the plaintiff succeeds, the burden then shifts to the defendant to "articulate some legitimate, non-discriminatory reason" for the employer's action.  *Id*. at 802-03.  Provided the defendant meets this burden, the plaintiff must then show that the defendant's proffered reasons were a pretext for discrimination.  *Id*. at 804.

Defendant states that "Plaintiff has failed to state a prima facie case as to *some* claims."[1]  Defendant argues that Plaintiff failed to establish a *prima facie* case of race discrimination for the Decatur job because the selectee for that position (Ms. Anderson, black female) is a member of the same protected class.  However, Defendant appears to have misunderstood the Complaint in this respect, because Plaintiff alleged *sex* discrimination as the reason for his non-selection for the Decatur job.[2]  Defendant next asserts that Plaintiff failed to

---

[1] Def.'s Mot. for Summ. J., p. 13.

[2] Compl, Count I: Sex Discrimination, ¶ 6.

make a *prima facie* case of age discrimination for the non-selection for the Birmingham job because the selectee for that position (Ms. Nix, white female, 60 years old) is in Plaintiff's protected class.  Again, Defendant's argument is misplaced because Plaintiff alleged *race* discrimination as the reason for his non-selection for the Birmingham job.[3]  Finally, Defendant argues that Plaintiff failed to make a *prima facie* case of age discrimination for his non-selection to the Atlanta Management Development Program because the selectee (Ms. Janice Gully, white female, 50 years old) is in Plaintiff's protected class.  Defendant is correct in this argument.

Assuming *arguendo* Plaintiff could establish a *prima facie* case as to any claim, Plaintiff failed to rebut Defendant's legitimate, non-discriminatory reasons for not selecting Plaintiff for the positions at issue.  Defendant made selections by evaluating an applicant's experience, training, self-development, awards, and outside activities.  The record shows that the individuals selected for the positions at issue had credentials superior to Plaintiff's.[4]

Plaintiff in this case submitted neither evidence nor argument in response to Defendant's Motion for Summary Judgment.  Consequently, no issue of fact exists as to any of Plaintiff's claims.  The court concludes that, as a matter of law, Defendant's Motion is due to be granted as to Count One's gender discrimination claim and Count Two's race discrimination claim because Plaintiff failed to rebut Defendant's legitimate, non-discriminatory reasons for Plaintiff's non-selection.  Defendant's Motion is due to be granted as to Count Three because (1) Defendant proved that Plaintiff's comparator is a member of Plaintiff's protected class; and thus Plaintiff

---

[3]*Id.*, Count II: Race Discrimination, ¶ 14.

[4]Moore's Documentation, pp. 1-2, 5; Anderson Application, pp. 24-27; Pl.'s Application, p. 18; Nix Application, pp. 2, 17-18; EEO Statement of Bruce Garner, p. 5.

failed to establish a *prima facie* case; but even if he could, (2) Plaintiff failed to rebut Defendant's legitimate, non-discriminatory reasons for Plaintiff's non-selection.

### IV.  CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment will be granted by a separate order filed contemporaneously with this opinion.

DONE and ORDERED this 19th day of December, 2005.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE